The defendants’ anszver. That by virtue of an escheat warrant granted to William Rogers, to escheat a tract of Find called Bold Venture, dated the 27th of April, 1759, directed to the then deputy-surveyor of Baltimore county, the said surveyor did, on the 13th of June, 1759, survey for the said Rogers, a tract of land called Rogers’s Inspection, lying in two parts, on which said survey a certificate was returned, and patent thereon issued on che 29th of September, 1759. That the plat annexed to the information, does not contain either a true location i>f Rogers’s Inspection, nor of the waters of the north *250 west branch of Patapsco, and is materially defective, &c-They hope an accurate survey might be made, &c. Other parts of the information are either admitted, or the proof thereof put upon the complainant.
That the tract called Bond's Marsh Resurveyed, is at some tides covered with water, and at other tides uncovered by water and muddy ground, and in some parts covered with flags. They admit that the said tract is within the distance of two miles from Baltimore town, but deny that the grant for the same was obtained by misrepresentation, fraud or deceit. They admit that the said Tates was forbade, by them, to make and extend the ■wharves by him begun. That they have a good title, &c.
Exhibits and proofs. Extracts from the proceedings of the port-wardens.
“ The board took in consideration the application of Thomas Tates to extend the Lots No. 451. and 452. to navigable water, and are of opinion that the said lots shall extend in a south direction, parallel with Harford street, to intersect a line drawn east. from,.and parallel with, the south side of Lee street. Samuel Purvianee being present, and objecting on behalf of himself and others, to the above permission, as interfering with his property in front of said lots, The Board are of opinion, that the said permission shall not be deemed and .taken to affect or injure the rights or claims of any individuals whatever; and permission was granted accordingly, the. said Thomas Tztes securing each side of his wharf effectually, as the same shall be extended, so.as not to injure the adjoining lots.”
A similar application to extend-Lots No. 388. and 408. into the basin to the channel, and the like permission to extend in a south direction, parallel with Gay street, binding on the line of Jones’s Falls, to intersect a line drawn east from, and parallel with, the south side of *251 Lee street. A. Purviance objected as above, and the same opinion, &c. of the board.
There were a number of depositions of witnesses fded respecting the waters of Palapseo River, Jones’s Falls, and the basin, and of the different situation of the lands in dispute at high and low tides, at various times within 40 years last passed.
There was also proof, that the resurvey made on Bond’s Marsh was done on the ice, and that the whole space of the resurvey was, at the time it was made, covered over with ice, except the island called Bond’s Marsh, being the original tract, and that the resurvey could not have been made and executed save on the ice, without either wading, or having the assistance of boats. That the island called Bond’s Marsh is two-thirds larger now than when the said resurvey was made. That the basin has filled up considerably.
By the plat of the land made by order of the Chancellor, it appears that the whole of Bond’s Marsh Re~ surveyed, except the island, being the original tract, lay in the water at the time the said plat was made in 1784, and that the inner lines of the said resurvey was distinct from Baltimore town, running along with the south or outer edge of Jones’s Falls, and fronting on the said town in the form of an arm, into the north-west branch of Palapsco River, the nearest part of which resurvey was 160 feet, and the nearest part of the farthest extension thereof into the said falls, 347 feet from the said town, leaving a large space of water between the said town and the said resurvey.
At February term, 1786, the Chancellor (Rogers) passed a decree, dated the 27th April, 1786, “ that the patent aforesaid granted to the said Nathaniel Sm'-th, on the 2d of June, 1783, for the said tract of land called Bonds Marsh Resurveyed, be, and the said patent hereby .is, vacated, revoked, cancelled and. annulled, and void, *252 vacated and invalid be had. and held, and that the enrolthereof be, and hereby is, cancelled, made void and annulled, and that the said Nathaniel Smith do brine; • . . o-into this Court the said patent of Bond's Marsh Resur- ' veyed, that the same may be vacated and cancelled ac~ cordingly, and that the said Nathaniel Smith, Samuel Purviance and Robert Purviance, do pay to the said - Thomas Tates the relator, his costs of suit in this behalf laid out and expended.”
Jenings and Smith, for the appellants.
Martin, (Attorney-General,) Chase and J. T. Chases for the appellees.
The defendants appealed to the Court of Appeals.
The decree of the Court of Chancery was affirmed in the C°tirt of Appeals at this term, (May, 1788.)